Ragan v. Morrill.

OSCAR C. RAGAN, APPELLEE, V. CHARLES A. MORRILL ET AL., APPELLEES, IMPLEADED WITH HARGREAVES BROTHERS, APPELLANTS.

FILED JANUARY 4, 1895.   NO. 4835.

Appearance: WAIVER OF JURISDICTION.   The question whether or not the district court has jurisdiction of the subject of the action and of his person cannot be raised by one who, in respect to such subject, has voluntarily appeared and presented his claim by proper pleading for adjudication by such court.

APPEAL from the district court of Seward county. Heard below before SMITH, J.

*A. J. Cornish*, for appellants.

*D. C. McKillip, S. H. Sedgwick, Colman & Colman*, and *Harwood, Ames & Kelly*, contra.

RYAN, C.

This action was begun by Oscar C. Ragan in the district court of Seward county, to have it decreed that the southwest quarter of section 19, in township 11 north, range 1 east, 6th principal meridian, was unaffected by a lien as incidental to either of two judgments, one of which was in favor of Tootle, Hosea & Co., the other in favor of Charles A. Morrill. These judgments had been rendered against John O'Donnell while he was the owner of the aforesaid property, and while he and his family were in possession thereof, claiming the same as their homestead. These judgment creditors made a showing that Hargreaves Bros. had two mortgages on the premises above described, by virtue of which said judgment creditors were entitled to certain rights, and they therefore, by motion, asked that Hargreaves Bros. should be made defendants as necessary parties. This motion was sustained, and afterwards Hargreaves Bros. appeared and answered the cross-petition of Tootle, Hosea & Co. and that of Charles A. Morrill. In these cross-petitions no claim of lien had been asserted by virtue of the judgments alone, and consequently the district court, before Hargreaves Bros. had been made defendants, had decreed the relief prayed in the original petition so far as to determine that said judgments by their own force created no lien. The controversies thenceforward were simply as to the rights of the creditors of the firm of O'Donnell Bros., which firm had been composed of John and James O'Donnell. Tootle, Hosea & Co. and Charles A. Morrill obtained their judgments not only against John O'Donnell as above recited, but as well against James, the indebtedness in each instance having been incurred by the firm of O'Donnell Bros. for goods sold said firm while it was engaged in the retail mercantile business in the towns of Waco and Utica. It is unnecessary, in this particular connection, to state what facts were set out in the

cross-petition of Tootle, Hosea & Co. and that of Charles
A. Morrill.   The responsive answers and cross-petition of
Hargreaves Bros. in the first place contained a general de-
nial of the averments of the cross-petition of Tootle, Hosea
& Co. and of Charles A. Morrill, except as afterwards the
correctness of some of the statements of said cross-petitions
should be admitted.   Following the above denials the an-
swer and cross-petition of Hargreaves Bros. admitted that
John O'Donnell and his wife had executed their promissory
note to Hargreaves Bros., as trustee for certain creditors of
the said John O'Donnell, for the sum of two thousand dol-
lars, secured by the mortgage of the makers of said note on
the real property hereinbefore described, and that there
had been paid on said note the sum of eight hundred dol-
lars and the interest on that payment.   Hargreaves Bros.
further alleged that as trustee for said creditors said firm
had received one hundred and fifty dollars cash on said two
thousand dollar note, when, at the request of the benefi-
ciaries, the said Hargreaves Bros., as trustee, sold and in-
dorsed said note, on which there was at the time due the
sum of eighteen hundred and fifty dollars and interest, and
distributed said payment of one hundred and fifty dollars
and the proceeds of the sale of said note among the benefi-
ciaries for whom the firm of Hargreaves Bros. was trustee,
whereby said trust was fully discharged, and that after-
wards, by reason of its liability as indorser on said note,
the firm of Hargreaves Bros. had been compelled to take
up said note, wherefore they alleged that said firm, as the
owner of said note, was entitled to avail itself of the mort-
gage given as security for the payment thereof.   There
were then made the ordinary averments necessary to show
that the right of foreclosure existed, and said foreclosure
was accordingly prayed by Hargreaves Bros. as the owner
of said note.   By replies the facts averred affirmatively by
Hargreaves Bros. were denied.

It is not entirely clear, though from the record it ap-

pears highly probable, that for the satisfaction of the Hargreaves Bros.' mortgage on the real property, such real property had been sold and the proceeds thereof paid into the hands of the clerk of the district court aforesaid, before any other creditors of O'Donnell Bros. by intervention became parties to the action. The probability just spoken of has its main support in the fact that some time after there had been filed the above answer and cross-petition of Hargreaves Bros., the firm of Raymond Bros. & Co., that of Montgomery & Colton, and that of Allen Bros. having first obtained leave to intervene, filed cross-petitions, in each of which it was alleged, and thenceforward seems to have been accepted as true, the fact that such payment had been made to the clerk aforesaid. In each cross-petition just referred to there were averments that the amount for which Hargreaves Bros. sought a foreclosure was a trust fund in which each of the cross-petitioners was beneficially interested, and that by a violation of its duties and obligations as trustee the said firm of Hargreaves Bros. had rendered itself liable for the entire claim held by each cross-petitioner against the firm of O'Donnell Bros., and each cross-petition last named contained a prayer accordingly. After the filing of the cross-petitions by the intervenors the firm of Hargreaves Bros. demurred to each of them for the reasons following: "First, the court has no jurisdiction over the subject of the action or over the person of these defendants; second, there is a defect of parties, both plaintiff and defendant; third, several causes of action are improperly joined; fourth, the cross-petition does not state facts sufficient to constitute a cause of action."

There has been no suggestion in argument which would indicate how there was either a defect of parties or the misjoinder of causes of action, and, unaided by such suggestion, we have been unable to discover any ground for these assignments. By the answer and cross-petition of

Hargreaves Bros. that firm voluntarily became a party to this action, without objection, for the purpose of foreclosing the mortgage which had been given them by John O'Donnell and his wife on the land with reference to which this action was originally brought. It was also by said answer and cross-petition made to appear that with respect to the whole transaction between Hargreaves Bros. and O'Donnell Bros. the firm first named sustained the relation of trustee towards the creditors of the firm last named. After this it was too late for Hargreaves Bros. to insist by demurrer, or, as was afterwards attempted, by answer respectively to the cross-petitions of Charles A. Morrill, Tootle, Hosea & Co., Raymond Bros. & Co., Montgomery & Colton, and Allen Bros., that the district court of Seward county had no jurisdiction of the subject of the action or over the persons of the defendants. No recapitulation is deemed necessary to demonstrate that there were sufficient facts stated to constitute a cause of action against Hargreaves Bros. by each of the parties who sought relief as against said firm.

On trial of the issues finally joined there was a decree finding in favor of the cross-petitioners respectively, and granting the relief prayed by them against Hargreaves Bros. It would subserve no useful purpose to review in detail the evidence, upon consideration of which this decree was entered. It was as conflicting as could well be imagined in respect to the several issues of fact tried. Under such circumstances this court will not interfere with the conclusions reached by the trial court. The judgment of the district court is

AFFIRMED.

NORVAL, C. J., took no part in the consideration of the above case.